UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **HITEL TECHNOLOGIES LLC,**<br><br>Plaintiff<br><br>v.<br><br>**LEVI STRAUSS & CO.,**<br><br>Defendant | **Case No. 6:20-cv-00589**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

Now comes, Plaintiff Hitel Technologies LLC ("Plaintiff" or "Hitel"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Levi Strauss & Co. (hereinafter, "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent Nos. 7,689,617 (hereinafter, the "'617 Patent" or "Patent-in-Suit"), which is attached hereto as **Exhibit A** and are incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2. Plaintiff is a Texas limited liability company with its principal place of business at 2108 Dallas Pkwy, Suite 214-1051, Plano, TX 75093.

1

3. Upon information and belief, Defendant is a corporation organized under the laws of Delaware, having a principal place of business at 1155 Battery St., San Fransisco, CA 94111-1264. Upon information and belief, Defendant may be served with process c/o: The Prentice Hall Corporate Systems, 211 E. 7th St., Suite 620, Austin, TX 78701.

4. Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website, www.levi.com, which is in the business of providing different products for women, men, kids and gifts such as clothing, shoes and various accessories. Upon information and belief, Defendant derives a portion of its revenue from sales and distribution via transactions initiated from its Internet website located at www.Levi.com, and its incorporated and/or related systems (collectively, the "Levi Website"). Also, as identified on the Levi Website, Defendant also operates an office location in this district. *See* https://locations.levi.com/en-us/tx/. Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Levi Website.

## JURISDICTION AND VENUE

5. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in the forum state and in this judicial District; and (iii) being incorporated in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its incorporation, and regular and established place of business in this District.

## FACTUAL ALLEGATIONS

10. On March 30, 2010, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '617 Patent, entitled "DYNAMIC LEARNING FOR NAVIGATION SYSTEMS" after a full and fair examination. The '617 Patent is attached hereto as **Exhibit A** and incorporated herein as if fully rewritten.

11. Plaintiff is presently the owner of the '617 Patent, having received all right, title and interest in and to the '617 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '617 Patent, including the exclusive right to recover for past infringement.

12. The invention claimed in the '617 Patent discloses a "method performed in a system involves, at a node within the system, receiving an input from a user, determining that the input contains an unknown word, presenting, at least one response to the user, and based upon at least one additional input from the user, learning one or more associations for the unknown word." *See* **Exhibit A**, Abstract.

13. The '617 Patent contains twenty (20) total claims with three (3) claims being independent claims.

14. For example, Claim 1 of the '617 Patent states:

> 1. A method performed in a system comprising user navigable nodes, documents attached to the user navigable nodes, keywords associated with the user navigable nodes and having search and navigation capability that allows users to move from node to node via links between the nodes and make selections when at individual nodes, the method comprising, at a user navigable node within the system:
>
> receiving an input from a user;
>
> determining that the input contains an unknown word;
>
> subsequent to the determining, navigating through the system to a current node from the user navigable node based upon at least one additional input from the user that was provided while at the user navigable node;
>
> presenting at least one response to the user based upon the documents attached to the current node resulting from the navigation; and
>
> following presentation of the at least one response, learning one or more associations between the unknown word and one or more keywords from the documents attached to the current node, such that a

>           direct relationship is formed between the unknown
>           word and the one or more keywords.

*See* **Exhibit A.**

15. Defendant provides a shopping website having all the elements and components recited in at least one claim of the '617 Patent. More particularly, Defendant commercializes, *inter alia*, its website using the method as recited in at least Claim 1 of the '617 Patent.

## DEFENDANT'S WEBSITE

16. During the enforceability period of the Patent-in-Suit, Defendant offers its Levi Website (hereinafter, also referred to as the "Accused Instrumentality"), which offers an interface through which a user can interface and utilize input searching. A non-limiting and exemplary claim chart comparing the Accused Instrumentality to the exemplary Claim 1 of the '617 Patent is attached hereto as **Exhibit B** and is incorporated herein as if fully rewritten.

17. As recited in Claim 1 of the '617 Patent, the Accused Instrumentality practices a method performed in a system comprising user navigable nodes (e.g., Levi.com has different product categories (nodes) such as Men, Women, Kids, Customize, etc. for selection by a user), documents (e.g., products webpages) attached to the user navigable nodes (e.g., Levi.com has different products categories (nodes) such as Men, Women, Kids, Customize, etc. for selection by a user), keywords (e.g., products webpages are tagged using keywords such as Skirt, etc.) associated with the user navigable nodes (e.g., Levi.com has different products categories (nodes) such as Men, Women, Kids, Customize, etc.  for selection by a user), and having search (e.g., search box) and

navigation capability that allows users to move from node to node via links between the nodes (e.g., from the home page node, users can go to nodes such as "Men", "Women", "Kids", "Customize", etc.; and then within a node, such as Women, Levi.com contains nodes of particular categories such as "Categories", "Jeans", "Collections", etc. which in turn contain particular products nodes) and make selections when at individual nodes (e.g., a desired products node).  *See* **Exhibit B**.

18.  As recited in Claim 1 of the '617 Patent, the Accused Instrumentality practices receiving an input (e.g., a user inputted search query) from a user.  *See* **Exhibit B** at 1(a).

19.  As recited in Claim 1 of the '617 Patent, the Accused Instrumentality practices determining that the input (e.g., a user inputted search query) contains an unknown word (e.g., a word which is not a keyword).  *See* **Exhibit B** at 1(b).

20.  As recited in Claim 1 of the '617 Patent, the Accused Instrumentality practices subsequent to the determining (e.g., determining a new word which is not a keyword), navigating through the system to a current node (e.g., a products node desired by the user) from the user navigable node (e.g., home page node) based upon at least one additional input (e.g., a user input to select a desired products) from the user that was provided while at the user navigable node (e.g., home page node).  *See* **Exhibit B** at 1(c).

21.  As recited in Claim 1 of the '617 Patent, the Accused Instrumentality practices presenting at least one response (e.g., displaying at the user device) to the user based upon the documents (e.g., webpage related to a product) attached to the current node (e.g., a product node) resulting from the navigation.  *See* **Exhibit B** at 1(d).

22. As recited in Claim 1 of the '617 Patent, the Accused Instrumentality practices following presentation of the at least one response (e.g., displaying at the user device), learning one or more associations between the unknown word (e.g., a word which is not a keyword such as "Straght") and one or more keywords (e.g., keywords related to the product node) from the documents (e.g., webpage of a product) attached to the current node (e.g., a products node), such that a direct relationship is formed between the unknown word (e.g., a word which is not a keyword such as "Straght") and the one or more keywords (e.g., keywords related to the products node). *See* **Exhibit B** at 1(e).

23. The elements described in Paragraphs 17-22 are covered by at least Claim 1 of the '617, for example. *See* **Exhibit B.**

## COUNT I:

## INFRINGEMENT OF THE '617 PATENT

24. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding Paragraphs.

25. In violation of 35 U.S.C. §271, Defendant has directly or indirectly, either literally or under the doctrine of equivalents, infringed the '617 Patent.

26. Defendant has had knowledge of infringement of the '617 Patent at least as of the service of the present Complaint.

27. Defendant has directly infringed at least one claim of the '617 Patent by using, at least through internal testing or otherwise, the Accused Instrumentality without authority in the United States. As a direct and proximate result of Defendant's infringement of the '617 Patent, Plaintiff has been damaged.

28. By engaging in the conduct described herein, Defendant has injured

7

Plaintiff and is thus liable for infringement of the '617 Patent, pursuant to 35 U.S.C. §271.

29. Defendant has committed these acts of infringement without license or authorization.

30. As a result of Defendant's infringement of the '617 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

31. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

32. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly or indirectly, literally and/or under the doctrine of equivalents, infringed the '617 Patent;

b. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement, including compensatory damages;

d. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

e. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

f. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated:  June 29, 2020                        Respectfully Submitted

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF**